**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-4493**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICKY JOHN MCLAUGHLIN, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:22-cr-00294-WO-1)

Submitted:  July 29, 2024                              Decided:  August 7, 2024

Before NIEMEYER and AGEE, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Margaret M. Reece, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricky John McLaughlin, Jr., pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court calculated McLaughlin's advisory Sentencing Guidelines range as 77 to 96 months' imprisonment and imposed a downward-variant sentence of 66 months' imprisonment. On appeal, McLaughlin argues that his sentence is procedurally and substantively unreasonable because the district court incorrectly calculated his advisory Guidelines range. We affirm.

McLaughlin contends that the district court erred by applying a four-level enhancement pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2021) for his possession of a firearm in connection with another felony offense. He also challenges the district court's decision declining to grant a three-level reduction pursuant to USSG § 3E1.1 for acceptance of responsibility. The Government contends that any error in the court's calculation of the Guidelines range is harmless.

"We review criminal sentences for reasonableness using an abuse of discretion standard. A sentence based on an improperly calculated Guidelines range is procedurally unreasonable." *United States v. Shephard*, 892 F.3d 666, 670 (4th Cir. 2018) (citation omitted). But "rather than review the merits of" McLaughlin's Guidelines challenges, "we may proceed directly to an assumed error harmlessness inquiry." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted). Under this inquiry, an error in calculating the Guidelines range "is considered harmless if we determine that (1) the district court would have reached the same result even if it had decided the [G]uidelines issue the other way, and (2) the sentence would be [substantively]

2

reasonable even if the [G]uidelines issue had been decided in the defendant's favor." *Id.* at 382-83 (internal quotation marks omitted).

Applying that inquiry here, we conclude that the first element is easily satisfied. The district court "made it abundantly clear" that it would have imposed the same 66-month sentence even if it had erred in calculating the Guidelines range. *See id.* (holding that first element is met when "the district court has expressly stated in a separate and particular explanation that it would have reached the same result" even if it incorrectly calculated the defendant's Guidelines range). Indeed, at sentencing, the district court stressed more than once that it would have arrived at the same 66-month sentence regardless of whether it calculated the Guidelines as it did and varied downward, or arrived at the requested lower Guidelines range of 37 to 46 months' imprisonment and varied upward.

The remaining question, then, is whether McLaughlin's sentence would be substantively reasonable had the district court decided the Guidelines issues in his favor. Had the district court done so, McLaughlin's advisory Guidelines range would have been 37 to 46 months' imprisonment. Thus, McLaughlin's 66-month sentence is an upward variance from that range.

"Substantive reasonableness examines the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a)." *United States v. Collins*, 982 F.3d 236, 244 (4th Cir. 2020) (internal quotation marks omitted). "Moreover, district

3

courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors." *United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011).

After carefully reviewing the record and considering the parties' arguments, the district court identified several factors justifying McLaughlin's 66-month sentence. The court emphasized the nature and circumstances of the offense, as well as McLaughlin's irresponsible behavior and regular drug use, extensive criminal history, lack of respect for the law and the need for deterrence, involvement in another felony offense, and dishonest testimony at sentencing. Ultimately, it found that a 66-month sentence appropriately balanced all these factors.

We agree with the district court that McLaughlin's sentence satisfied the standards set forth in § 3553(a). Thus, we conclude that the sentence is substantively reasonable and would have been even had the court decided the challenged Guidelines issues in McLaughlin's favor. Because any error in calculating the Guidelines range was therefore harmless, we affirm the criminal judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*